735 N.W.2d 409 (2007)
2007 ND 105
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Douglas D. SLETTEN, A Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Douglas D. Sletten, Respondent.
No. 20070184.
Supreme Court of North Dakota.
June 27, 2007.
Application for Interim Suspension.
INTERIM SUSPENSION ORDERED.
PER CURIAM.
[¶ 1] On June 25, 2007, an Application for the Interim Suspension of Douglas D. Sletten, a member of the Bar of North Dakota, with supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4, Threat of Public Harm. Sletten was admitted to practice law on October 6, 1980, and is currently licensed to practice law in the courts of North Dakota.
[¶ 2] A complaint has been filed against Sletten which alleges Sletten took approximately three hundred thousand dollars from the Estate of Anita Hopkins. The money was put in Sletten's trust account; Sletten eventually used the money for personal or office use.
[¶ 3] According to an Affidavit filed by Disciplinary Counsel: Sletten acknowledged the misconduct during an interview with Disciplinary Counsel; Sletten also admitted to taking an additional $40,000 held on behalf of another client for his personal or office use; Sletten was not authorized to take the money; and Sletten does not have the ability to pay it back.
[¶ 4] Under N.D.R. Prof. Conduct 1.15(a), Safekeeping Property, a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Absent aggravating or mitigating circumstances, disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. N.D. Stds. Imposing Lawyer Sanctions 4.11, Failure to Preserve the Client's Property.
[¶ 5] Under N.D.R. Lawyer Discipl. 3.4(B), Threat of Public Harm, the court may enter an interim order at any stage of any proceeding immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct causing the harm or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order should not remain in force.
[¶ 6] ORDERED, Douglas D. Sletten's license to practice law is SUSPENDED effective June 27, 2007, and until further order of this Court, pending final disposition of a disciplinary proceeding predicated upon the complaint filed.
[¶ 7] FURTHER ORDERED, Douglas D. Sletten comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.
[¶ 8] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.
*410 [¶ 9] MARY MUEHLEN MARING, J., being unavoidably absent, did not participate in this decision.