758 N.W.2d 657 (2008)
2008 ND 215
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Douglas D. SLETTEN, A Person Admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
Douglas D. Sletten, Respondent.
Nos. 20080146-20080150.
Supreme Court of North Dakota.
November 25, 2008.
PER CURIAM.
[¶ 1] On June 29, 2007, a Petition for Discipline was filed asserting Douglas D. Sletten was admitted to practice as an attorney in the courts of North Dakota on October 6, 1980, and his name has appeared on the roll of attorneys since that date. On June 27, 2007, Sletten was placed on interim suspension under N.D.R. Lawyer Discipl. 3.4(B) for alleged violations of N.D.R. Prof. Conduct 1.15(a), Safekeeping Property. See Disciplinary Board v. Sletten, 2007 ND 105, 735 N.W.2d 409.
[¶ 2] The Petition alleges Sletten was the attorney for Anita Hopkins, an elderly widow. Sletten informed Hopkins her estate could have a substantial tax burden and she should reduce her estate through *658 a gifting plan. Hopkins turned over approximately $300,000 in certificates of deposit and other investments to Sletten, which he held in his trust account. Hopkins died in November, 2005, without having named any gift beneficiaries. By June 2007, Sletten transferred funds held for Hopkins from his trust account for his personal use, along with an additional $40,000 belonging to another client.
[¶ 3] On July 24, 2007, an Amended Petition for Discipline was filed. The Amended Petition asserts that in 2005 Sletten assisted in the sale of a farm owned by Richard and Elizabeth Conklin. The proceeds from the sale totaled approximately $180,000, which was held in Sletten's trust account. Approximately $84,000 of the Conklins' money was used for Sletten's personal or office use without the client's knowledge or consent.
[¶ 4] The Amended Petition further asserts Sletten held money in his trust account for client Sally Mehlhoff. Sletten gave Mehlhoff a check from his trust account in the amount of $11,822.95, but when Mehlhoff tried to negotiate the check she was told there were insufficient funds to pay the check. The money was used for Sletten's personal or office use without the client's knowledge or consent.
[¶ 5] The Amended Petition further asserts Sletten was the attorney for the Nels Peterson Estate and took in excess of $100,000 from the Estate for personal or office use without the client's knowledge or consent. Finally, the Amended Petition asserts Sletten was the attorney for the John Vanderwerff Estate, which owned lots in Garrison. Sletten sold the lots for $12,000, and after taxes, the remaining amount of $5,835.76 was paid to the Sletten Law Office. After paying some minor costs, Sletten took approximately $5,508.76 from the Estate for his personal or office use without the client's knowledge or consent.
[¶ 6] On August 17, 2008, a Second Amended Petition for Discipline was filed. The Second Amended Petition asserts Sletten borrowed $5,000 from Mabel Brauer on August 1, 1998, when she was his client. At the time he borrowed the money, Sletten did not advise Brauer to seek independent counsel. Sletten has not repaid $4,121.12 of the loan.
[¶ 7] Each of the petitions alleges that Standard 9.22(a), North Dakota Standards for Imposing Lawyer Sanctions, is an aggravating factor in the imposition of discipline. Standard 9.22(a) provides that aggravating factors include prior disciplinary offenses.
[¶ 8] The petitions allege violations of N.D.R. Prof. Conduct 1.15(a), Safekeeping Property, (a lawyer shall hold property of clients or third persons in the lawyer's possession separate from the lawyer's own property); N.D.R. Prof. Conduct 1.15(e), Safekeeping Property, (a lawyer in possession of property in which two or more persons claim interests, the property shall be kept separate by the lawyer until the dispute is resolved); and N.D.R. Prof. Conduct 1.4, Communication, (a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and explain a matter to the extent reasonably necessary to permit the client to make informed decisions). The petitions further allege violations of N.D.R. Lawyer Discipl. 1.2(A)(2), Grounds for Discipline, (a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) for conduct violating N.D.C.C. § 12.1-23-07, Misapplication of Entrusted Property; N.D.R. Lawyer Discipl. 1.2(A)(3), Grounds for Discipline, (a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and N.D.R. Prof. Conduct 8.4(g), Misconduct, *659 (it is professional misconduct for a lawyer to engage in other conduct enumerated in the North Dakota Century Code as a basis for revocation or suspension of a lawyer's certificate of admission) for conduct violating N.D.C.C. § 27-14-02(1) (committed an offense determined to have a direct bearing upon a person's ability to serve the public as an attorney and counselor at law), N.D.C.C. § 12.1-23-07 (misapplication of entrusted property), and N.D.C.C. § 27-14-02(7) (committed any other act which tends to bring reproach upon the legal profession). Finally, the petitions allege violation of N.D.R. Prof. Conduct 1.8, Conflict of Interest, (except for standard commercial transactions involving products or services the client generally markets to others, a lawyer shall not enter into a business, financial, or property transaction with a client unless the transaction is fair and reasonable to the client and after consultation, including advice to seek independent counsel, the client consents to the transaction).
[¶ 9] Sletten did not answer any of the petitions, and on February 11, 2008, Disciplinary Counsel filed a Motion for Default Findings and Recommendations, Affidavit and Brief in Support, and Affidavit of Costs and Expenses. On June 24, 2008, the Hearing Panel filed its Report of Hearing Panel. The Hearing Panel found Sletten took money from each of the named clients, for his personal or office use, without the client's knowledge or consent. The Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 9.22(a) as an aggravating factor.
[¶ 10] On September 8, 2008, the Hearing Panel filed an Order permitting supplementation of the record with facts supporting aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22(a). On September 10, 2008, Disciplinary Counsel filed an Affidavit setting forth Sletten's prior disciplinary offenses, namely: a reprimand in 1995 by the Disciplinary Board for violation of N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; and a reprimand in 2003 by the Disciplinary Board for violation of N.D.R. Prof. Conduct 1.7, Conflict of Interest. On October 13, 2008, the Hearing Panel filed an Amended Report of the Hearing Panel finding that aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses, and 9.22(i), substantial experience in the practice of law, exist.
[¶ 11] The Hearing Panel concluded that Sletten's conduct violated N.D.R. Prof. Conduct 1.15(a) and (e), Safekeeping Property; N.D.R. Prof. Conduct 1.4, Communication; N.D.R. Lawyer Discipl. 1.2(A)(2) and (3), Grounds for Discipline; N.D.R. Prof. Conduct 8.4(g), Misconduct, by violating N.D.C.C. § 27-14-02(1), N.D.C.C. § 12.1-23-07, and N.D.C.C. § 27-14-02(7); and N.D.R. Prof. Conduct 1.8, Conflict of Interest. The Hearing Panel recommended that Sletten be disbarred from the practice of law and pay the costs of the disciplinary proceeding in the amount of $1,395.
[¶ 12] The matter was submitted to the Court under N.D.R. Lawyer Discipl. 3.1(F)(2). Objections to the Report of the Hearing Panel were due by July 15, 2008; no objections were filed. Objections to the Amended Report of the Hearing Panel were due by November 3, 2008; no objections were filed. The Court considered the matter, and
[¶ 13] ORDERED, the Report of the Hearing Panel filed June 24, 2008, and the Amended Report of the Hearing Panel filed October 13, 2008, are accepted.
[¶ 14] FURTHER ORDERED, Douglas D. Sletten is DISBARRED from the practice of law for violation of N.D.R. Prof. Conduct 1.15(a) and (e), Safekeeping Property; N.D.R. Prof. Conduct 1.4, Communication; N.D.R. Lawyer Discipl. *660 1.2(A)(2) and (3), Grounds for Discipline; N.D.R. Prof. Conduct 8.4(g), Misconduct, by violating N.D.C.C. § 27-14-02(1), N.D.C.C. § 12.1-23-07, and N.D.C.C. § 27-14-02(7); and N.D.R. Prof. Conduct 1.8, Conflict of Interest.
[¶ 15] FURTHER ORDERED, Douglas D. Sletten pay restitution as follows: $300,000 to Anita Hopkins Estate; $84,000 to Richard and Elizabeth Conklin; $11,822.95 to Sally Mehlhoff; $100,000 to the Nels Peterson Estate; $5,508.76 to the John Vanderwerff Estate; and $4,121.12 to Mabel Brauer.
[¶ 16] FURTHER ORDERED, Douglas D. Sletten pay the costs of the disciplinary proceeding in the amount of $1,395, payable to the Secretary of the Disciplinary Board.
[¶ 17] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.